UNITED STATES DISTRICT COURT

DISTRICT OF NEVADA

\* \* \*

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>Plaintiff,<br><br>v.<br><br>ABRAHAM ELLIOTT,<br><br>Defendant. | Case No. 2:21-cr-00190-APG-EJY<br><br>**ORDER DENYING MOTION FOR REVOCATION OF MAGISTRATE JUDGE'S RELEASE ORDER**<br><br>(ECF No. 66) |

The Government moves for revocation of Magistrate Judge Weksler's order placing defendant Abraham Elliott on pretrial release. I must conduct a *de novo* review of the evidence before Judge Weksler (and any additional evidence submitted by the parties) and make my own independent determination with no deference. *United States v. Koenig*, 912 F.2d 1190, 1193 (9th Cir. 1990). I have reviewed the audio tape of the October 6, 2021 hearing before Judge Weksler, read the transcript of the October 8, 2021 hearing (ECF No. 73), watched the videos submitted by the parties, and read the parties' briefs.

In determining whether conditions can be fashioned to assure the defendant's appearance and protect the public, I must consider four factors: (1) the nature and circumstances of the offense charged, including whether it is a crime of violence or involves drugs; (2) the weight of the evidence;[1] (3) the history and characteristics of the defendant; and (4) the nature and seriousness of the danger to any person or the community should the defendant be released. 18 U.S.C. § 3142(g).

---

[1] This factor "is the least important of the various factors." *United States v. Motamedi*, 767 F.2d 1403, 1408 (9th Cir. 1985). It "may be considered only in terms of the likelihood that the person will fail to appear or will pose a danger to any person or to the community." *Id.*

The Government bears the burden to show by a preponderance of the evidence that Elliott is a risk of non-appearance; or it may show by clear and convincing evidence that he is a danger to the community. 18 U.S.C. § 3142(f); *Motamedi*, 767 F.2d at 1406-07. Elliott is charged with several felonies, including possession and distribution of cocaine and conspiracy. ECF No. 17. There is probable cause to believe he has committed drug offenses for which the penalty is at least ten years' imprisonment. Thus, a rebuttable presumption exists that "no condition or combination of conditions will reasonably assure the appearance of the person as required and the safety of the community." 18 U.S.C. § 3142(e)(3)(A). Although this presumption shifts to Elliott a burden to "introduce some evidence contrary to the presumed fact," the burden of persuasion remains with the Government. *See United States v. Rodriguez*, 950 F.2d 85, 88 (2d Cir. 1991). If rebutted, the presumption "continues to be weighed along with other factors to be considered when deciding whether to release" Elliott. *Id.*

The Government alleges Elliott was part of a sophisticated scheme to sell cocaine throughout the United States. The evidence against Elliott is substantial. Agents investigated and surveilled him and his co-defendants for months. They seized at least 44 envelopes containing cocaine that the conspirators tried to send through the mail. Elliott was arrested in an office suite where there was a large amount of cocaine and packaging materials present.

Elliott has prior arrests and convictions for felonies and misdemeanors. He violated conditions of pretrial release and probation in prior cases. However, he has no history of attempted flight from prosecution or supervision. He self-surrendered to serve time for a prior conviction. He was twice furloughed from federal custody without supervision to attend his parents' funerals and voluntarily returned.

1  Elliott has rebutted the presumption that there are no that would reasonably assure his
2  appearance and protect the public.
3  I adopt Magistrate Judge Weksler's findings. *Koenig*, 912 F.2d at 1193.  The conditions
4  she fashioned (ECF No. 69) reasonably protect the community against the risk of flight and any
5  danger posed by Elliott.
6  I THEREFORE ORDER that the Government's motion for revocation of the release
7  order **(ECF No. 66) is DENIED**.
8  DATED THIS 24th day of November, 2021.

_____
UNITED STATES DISTRICT JUDGE