# UNITED STATES DISTRICT COURT

# DISTRICT OF NEVADA

\* \* \*

| | |
|---|---|
| United States of America,<br><br>                Plaintiff,<br><br>    v.<br><br>Abraham Elliott,<br><br>                Defendant. | Case No. 2:21-cr-00190-APG-EJY<br><br>**ORDER re ECF No. 118** |

Defendant Abraham Elliott filed a motion requesting that the Court release him from home confinement. ECF No. 118. The Government opposed the request at ECF No. 120.

The Court construes this motion as brought under 18 U.S.C. § 3145.[1]

Mr. Elliott explains that home confinement is no longer a necessary condition of release. He further explains that he was released prematurely without electronic monitoring and without notification to counsel or the Court, yet he abided by all conditions the Court had previously outlined. Although he had the perfect opportunity to flee at that point, he did not. Since he was released, and in the last four months, Mr. Elliott has had no issues with Pretrial Services. Finally, he explains that being on home confinement does not allow him to pick up his son from school, work, or grocery shop.

The Government does not address any of the issues raised by Mr. Elliott since his release. Instead, it relies on past arguments made while seeking his detention.

The Bail Reform Act instructs the courts that individuals should be subject to the "the least restrictive . . . combination of conditions . . . that . . . will reasonably assure the appearance of the person." 18 U.S.C. § 3142(c)(1)(B). Given the information presented by Mr. Elliott, the Court determines that home confinement is no longer a necessary condition to reasonably assure his appearance as required.

---

[1] Mr. Elliott characterized the motion as a motion to "re-open detention" under 18 U.S.C. § 3142. But he is no longer detained. Instead, 18 U.S.C. § 3145(a)(2) applies to circumstances where individuals seek to amend conditions of release, which is what Mr. Elliott is requesting this Court to do.

**IT IS THEREFORE ORDERED** that Mr. Elliott's Motion to Address Home Confinement (ECF No. 118) is GRANTED.

**IT IS FURTHER ORDERED** that all other conditions previously imposed remain in effect.

**IT IS FURTHER ORDERED** that the hearing regarding ECF No. 118 set for 2/25/2022 is VACATED.

DATED: February 24, 2022.

BRENDA WEKSLER
UNITED STATES MAGISTRATE JUDGE